IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| AMERISAVE MORTGAGE CORPORATION, § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 6:23-cv-164 |
| § | |
| LORNE D. GUITZKOW and JODI L. GUITZKOW § § § § | |
| Defendants. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Amerisave Mortgage Corporation ("Plaintiff" or "Amerisave") files this its Original Complaint complaining of Defendants Lorne D. Guitzkow and Jodi L. Guitzkow (together, "Defendants"), and respectfully shows the Court as follows:

**I.   PARTIES**

1.   Plaintiff is the mortgagee of the subject loan agreement and is appearing through the undersigned counsel.

2.   Defendant Lorne D. Guitzkow is a resident and citizen of Texas, who may be served with process at 501 Sunset Drive, Marlin, Texas 76661, or such other place as he may be found.  Summons is requested.

3.   Defendant Jodi L. Guitzkow is a resident and citizen of Texas, who may be served with process at 501 Sunset Drive, Marlin, Texas 76661, or such other place as she may be found.  Summons is requested.

**II.   DIVERSITY JURISDICTION AND VENUE**

4.   This Court has jurisdiction over this dispute under 28 U.S.C. Section 1332 because

there is complete diversity between Amerisave and Defendants and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

5. Plaintiff is a Georgia Corporation with its principal place of business in Atlanta, Georgia. For diversity purposes, a corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. Therefore, Plaintiff is a citizen of Georgia. 28 U.S.C. § 1332(c).

6. Defendants are individuals and citizens of the state of Texas.

7. In this Plaintiff seeks a declaratory judgment to foreclose on real property. Because the lien interest is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met.

8. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. Webb v. Investacorp, Inc., 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." Hartford Ins. Grp. v. Lou-Con, Inc., 293 F.3d 908, 910 (5th Cir. 2002) (quoting Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983)); see also Farkas, 737 F.3d at 341.

9. Here, the value of the right to be protected is enforcement of a mortgage lien through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. According to the Falls County Appraisal District, the Property is valued at $143,948.00. Therefore, the amount in controversy is more than $75,000.00.

10. Venue is proper in the Western District of Texas, Waco Division, because this suit concerns title to a real property located in Falls County, Texas. *See* 28 U.S.C. §§ 124(a)(1), 1391

(b)(2).

## III.   FACTS

11.   On or about November 17, 2016, Defendant Lorne D. Guitzkow executed a *Texas Home Equity Note (First Rate-Fixed Lien)* ("Note") in the principal amount of $112,800.00 in favor of Amerisave Mortgage Corporation ("First Franklin").

12.   Concurrently with the execution of the Note, Lorne D. Guitzkow and Judi L. Guitzkow executed a *Texas Home Equity Security Instrument* ("Security Instrument" and together with the Note, the "Loan Agreement"), as grantors, granting Amerisave Mortgage Corporation, its successors and assigns, a security interest in certain real property and improvements located in Falls County and commonly known as 501 Sunset Drive, Marlin, Texas 76661 (the "Property") and more particularly described as follows:

> LOT FIVE 5, IN THE HILLARY BARGANIER ADDITION TO THE CITY OF MARLIN, FALLS COUNTY, TEXAS, AS SHOWN ON PLAT OF SAID ADDITION RECORDED IN VOLUME 2, PLAT NO. 6, MAP AND PLAT RECORDS, IN THE OFFICE OF THE COUNTY CLERK, FALLS COUNTY, TEXAS

True and correct copies of the Note and Security Instrument are attached hereto as **Exhibit A** and **Exhibit B**, respectively. The Security Instrument was duly recorded in the Official Public Records of Falls County, Texas in Book 324, Page 616 on November 30, 2016.

13.   Mortgage Electronic Registration Systems, Inc., as beneficiary, as nominee for Amerisave Mortgage Corporation, its successors and assigns transferred and assigned the Security Instrument to Amerisave Mortgage Corporation as per certain *Assignment of Deed of Trust* recorded in the Official Public Records of Falls, County, Texas, in Book 365, Page 92, under Instrument No. 00002271. A true and correct copy of the Assignment of Deed of Trust is attached hereto as **Exhibit C.**

14. Amerisave is the current legal owner and holder of the endorsed in blank Note and the mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code.

15. Under the terms of the Loan Agreement, Defendants were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

16. The Loan Agreement further provides that should Defendants fail to make payments on the Note as they became due and payable or fail to comply with any or all of the covenants and conditions of the Security Instrument, then the lender may enforce the Security Instrument selling the Property pursuant to applicable law and in accordance with the provisions set out in the Loan Agreement.

17. Defendants have failed to make their payments under the terms of the Loan Agreement. The loan is due for the August 1, 2018 monthly payment and all subsequent payments.

18. On November 9, 2018, Amerisave, mailed a *Notice of Breach and Right to Cure Default* ("Notice of Default") to Defendants by regular and certified mail to the Property address. A true and correct copy of these notices are attached hereto as **Exhibit D.**

19. Defendants did not cure the default and on September 24, 2019, Amerisave, through counsel, mailed a *Notice of Acceleration of Loan Maturity* ("Notice of Acceleration") through counsel to Defendants by regular and certified mail to the Property address. A true and correct copy of this notice is attached hereto as **Exhibit E.**

20. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the property.

### IV.    CAUSE OF ACTION – DECLARATORY JUDGMENT

21. The foregoing paragraphs are incorporated by reference for all purposes.

22. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

23. Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of the Defendants' failure to comply with the Loan Agreement. Plaintiff is therefore entitled to and seeks judgment against Defendants for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by Defendants, and by statute. TEX. CIV. PRAC. & REM. CODE § 37.009.

### V. CAUSE OF ACTION—NON-JUDICIAL FORECLOSURE

24. The foregoing paragraphs are incorporated by reference for all purposes.

25. Plaintiff asserts a cause of action for foreclosure against Defendants. Plaintiff, as the current legal owner and holder of the Note and the mortgagee, has the right to enforce the Note and Security Instrument. Plaintiff has fully performed its obligations under the Loan Agreement; however, Defendants did not comply with the Loan Agreement, by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the contract, among others).

26. Plaintiff seeks a judgment allowing it to foreclose on the Property in accordance with the Security Instrument and Texas Property Code section 51.002.

27. Plaintiff has been forced to hire the undersigned attorneys to seek an order allowing foreclosure as a result of Defendants' failure to comply with the Loan Agreement. Plaintiff is

therefore entitled to and seeks judgment against Defendants for its reasonable attorneys' fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by Defendants. Plaintiff seeks an award of attorneys' fees as a further obligation on the Note and not as a money judgment against Defendants personally.

28. All conditions precedent have been performed or have occurred.

## PRAYER

For these reasons, Plaintiff Amerisave Mortgage Corporation requests that Defendants Lorne D. Guitzkow and Judi L. Guitzkow be summoned to appear and answer, and that, upon final hearing, it have and recover a judgment against them allowing it to proceed with non-judicial foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002. Plaintiff further requests its interest and attorneys' fees, all costs of suit and such other and further relief to which it may be entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

VIVIAN N. LOPEZ
Texas Bar No. 24129029
vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**